UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMIE ALLEN, RANIA ALLEN, and MARCUS ALLEN, <br><br>  Plaintiffs, <br><br> v. <br><br> CITY OF FERGUSON, OFFICER BAKER, OFFICER BROWN, and OFFICER BALLARD, <br><br>  Defendants. | ) ) ) ) ) ) Cause No: 4:14-CV-00744 ) ) ) ) ) ) ) **JURY DEMAND REQUESTED** ) ) |

## *DEFENDANTS' ANSWER TO PLAINTIFFS' PETITION*

COME NOW Defendants, The City Ferguson, Missouri, Officer Baker, Officer Brown, and Officer Ballard (the "Defendants"), and for their Answer to Plaintiffs' Petition (now removed and before this Court) state:

1. Upon information and belief, the Defendants admit the allegations contained in paragraph 1.

2. Upon information and belief, the Defendants admit the allegations contained in paragraph 2.

3. Upon information and belief, the Defendants admit the allegations contained in paragraph 3.

4. Defendants admit the allegations contained in paragraph 4.

5. Defendants admit Officer Baker acted under the color of state law at the time period alleged, but deny acting the remainder of the allegations contained in paragraph 5 as stated.

6. Defendants admit Officer Baker acted under the color of state law at the time period alleged, but deny acting the remainder of the allegations contained in paragraph 6 as stated.

7. Defendants admit Officer Baker acted under the color of state law at the time period alleged, but deny acting the remainder of the allegations contained in paragraph 7 as stated.

8. Defendants admit the plaintiffs invoke the venue of this Court, but deny the remaining allegations contained in paragraph 8.

9. Defendants admit the plaintiffs invoke the jurisdiction of this Court, but deny the allegations contained in paragraph 9.

10. Defendants admit the City of Ferguson Police Department was investigating a Ferguson residence in an effort to locate and to arrest Plaintiff Marcus Allen. Defendants deny the remainder of paragraph 10 as stated.

11. Defendants admit that plaintiff Marcus Allen was wanted for questioning for a felony offense. Defendants deny the remainder of the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants admit no search warrant had been issued for the search of Plaintiff Jimmie Allen's residence; Defendants deny the remaining allegations contained in paragraph 15.

16. Defendants admit Officers Baker, Brown, and Ballard approached 25 Lake Pembroke, Ferguson, MO, on or about April 21, 2011.  Defendants deny the remainder of the allegations contained in paragraph 16.

17. Defendants admit no search warrant had been issued for the search of Plaintiff Jimmie Allen's residence; Defendants deny the remaining allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants admit Marcus Allen was observed at 25 Lake Pembroke, Ferguson, MO, on April 21, 2011.  Defendants deny the remainder of the allegations contained in paragraph 19.

20. Defendants admit Marcus Allen was observed at 25 Lake Pembroke, Ferguson, MO, on April 21, 2011.  Defendants deny the remainder of the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 23, and deny same.

24. Defendants admit Plaintiff Jimmie Allen lied and stated that replied, "No he is not here" referring to Plaintiff Marcus Allen.  The Defendants deny the remainder of the allegations contained in paragraph 24 as stated.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants admit the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33, as stated.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants admit Jimmie Allen was placed under arrest for Hindering Prosecution. Defendants deny the remainder of the allegations contained in paragraph 38, as stated.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants admit they arrested Jimmie Allen upon probable cause to believe that Jimmie Allen had committed a violation of law.  Defendants deny the remainder of the allegations contained in paragraph 40.

41. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 41, and deny same.

42. Defendants deny the allegations contained in paragraph 42, as stated.

43. Defendants admit Jimmie Allen was found "not guilty" on November 26, 2013.  All other allegations contained in paragraph 43 are denied.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47.     Defendants deny the allegations contained in paragraph 47.

48.     Defendants deny the allegations contained in paragraph 48.

49.     Defendants deny the allegations contained in paragraph 49.

50.     Defendants deny the allegations contained in paragraph 50.

<u>**Count I**</u><br><u>**Warrantless Entry & Search**</u>

Each Defendant incorporates by reference each of the foregoing paragraphs as though fully restated herein and states the following in Answer to Plaintiffs' claim for Warrantless Entry and Search:

51.     Defendants deny the allegations contained in paragraph 51.

52.     Defendants admit no search warrant had been issued for the search of Plaintiff Jimmie Allen's residence; Defendants deny the remaining allegations contained in paragraph 52.

53.     Defendants deny the allegations contained in paragraph 53.

54.     Defendants deny the allegations contained in paragraph 54.

55.     Defendants deny the allegations contained in paragraph 55.

56.     Defendants deny the allegations contained in paragraph 56.

57.     Defendants deny the allegations contained in paragraph 57.

58.     Defendants deny the allegations contained in paragraph 58.

59.     Defendants deny the allegations contained in paragraph 59 as phrased.  It is admitted that Defendants obtained verbal and oral consent from Plaintiff Jimmie Allen.  The remainder of the allegations contained in paragraph 59 is denied, as stated.

60.     Defendants deny the allegations contained in paragraph 60.

61.     Defendants deny the allegations contained in paragraph 61.

62. Defendants deny the allegations contained in paragraph 62.

63. Defendants deny the allegations contained in paragraph 63.

WHEREFORE, having fully answered this Count of Plaintiffs' Petition, Defendants respectfully request that this Court dismiss this cause of action for failing to state a claim, for their fees and costs expended, and for such further relief as this Court deems just and proper.

## Count II
## Unlawful Arrest

Each Defendant incorporates by reference each of the foregoing paragraphs as though fully restated herein and states the following in Answer to Plaintiffs' claim for Unlawful Arrest:

64. Defendants admit the allegations contained in paragraph 64.

65. Defendants deny the allegations contained in paragraph 65, including all subparts.

66. Defendants deny the allegations contained in paragraph 66.

67. Defendants deny the allegations contained in paragraph 67.

68. Defendants deny the allegations contained in paragraph 68.

69. Defendants admit that Defendant Ballard was physically present during the arrests of Plaintiffs.  Defendants deny the remaining allegations contained in paragraph 69.

70. Defendants deny the allegations contained in paragraph 70.

71. Defendants deny the allegations contained in paragraph 71.

72. Defendants deny the allegations contained in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73.

74. Defendants deny the allegations contained in paragraph 74.

WHEREFORE, having fully answered this Count of Plaintiffs' Petition, Defendants respectfully request that this Court dismiss this cause of action for failing to state a claim, for their fees and costs expended, and for such further relief as this Court deems just and proper.

## Count III
## Malicious Prosecution

Each Defendant incorporates by reference each of the foregoing paragraphs as though fully restated herein and states the following in Answer to Plaintiffs' claim for Malicious Prosecution:

75. Defendants admit the allegations contained in paragraph 75.

76. Defendants deny the allegations contained in paragraph 76.

77. Defendants deny the allegations contained in paragraph 77.

78. Defendants deny the allegations contained in paragraph 78.

79. Defendants admit that plaintiff Jimmie Allen was found not guilty after a trial. Defendants deny the remaining allegations contained in paragraph 79.

80. Defendants deny the allegations contained in paragraph 80.

81. Defendants deny the allegations contained in paragraph 81.

82. Defendants admit the allegations contained in paragraph 82.

83. Defendants deny the allegations contained in paragraph 83.

WHEREFORE, having fully answered this Count of Plaintiffs' Petition, Defendants respectfully request that this Court dismiss this cause of action for failing to state a claim, for their fees and costs expended, and for such further relief as this Court deems just and proper.

## Count IV
## Loss of Consortium

Each Defendant incorporates by reference each of the foregoing paragraphs as though fully restated herein and states the following in Answer to Plaintiffs' claim for Loss of Consortium:

84. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 84.

85. Defendants deny the allegations contained in paragraph 85.

86. Defendants deny the allegations contained in paragraph 86.

WHEREFORE, having fully answered this Count of Plaintiffs' Petition, Defendants respectfully request that this Court dismiss this cause of action for failing to state a claim, for their fees and costs expended, and for such further relief as this Court deems just and proper.

### Count V
### Malicious Trespass

Each Defendant incorporates by reference each of the foregoing paragraphs as though fully restated herein and states the following in Answer to Plaintiffs' claim for Malicious Trespass:

87. Defendants deny the allegations contained in paragraph 87.

88. Defendants deny the allegations contained in paragraph 88.

89. Defendants deny the allegations contained in paragraph 89.

WHEREFORE, having fully answered this Count of Plaintiffs' Petition, Defendants respectfully request that this Court dismiss this cause of action for failing to state a claim, for their fees and costs expended, and for such further relief as this Court deems just and proper.

{01128129.DOCX;1}

**Affirmative Defenses**

1. Defendants deny each and every other allegation in Plaintiffs' Petition not specifically admitted to herein.

2. Defendants state that plaintiff's Amended Petition fails to state any cause or causes of action or any claims upon which relief can be granted against these defendants, including but not limited that to federal 1983 law does not recognize causes of action for malicious prosecution, nor does state law recognize any such claim against a municipal defendant based on the doctrine of sovereign immunity, and that Plaintiffs' Loss of Consortium claim must fail because Plaintiffs have inadequately pleaded any claim for bodily injury;

3. These defendants have immunity from liability to plaintiffs under the Doctrines of Sovereign Immunity, Qualified Immunity, Official Immunity and the Public Duty Doctrine;

4. Plaintiffs have a duty to mitigate their damages, and have failed to do so;

5. Any force that was used against plaintiffs was reasonable and necessary in order to subdue the plaintiffs due to plaintiffs' unreasonable, unlawful, threatening and irrational conduct, including resisting lawful arrest;

6. Any force used and any act of any defendant was undertaken pursuant to law and in the course of Defendants Brown, Baker, and Ballard's official sworn duties as law enforcement officers, was reasonable in nature and was based upon both probable cause and reasonable suspicion that plaintiffs had violated the laws and ordinances of the State of Missouri and the City of Ferguson, that every search, seizure, arrest, and detention of plaintiff took place pursuant to law and was reasonable in manner and duration;

7. Neither the State of Missouri nor its officials acting in their official capacity are "persons" under 42 U.S.C. § 1983, therefore cannot be liable in their official capacity pursuant to any claims raised thereunder.

8. There is no fundamental right that was clearly established at the time of the events described in the Complaint for Plaintiffs Jimmie Allen and Marcus Allen to refuse to obey the lawful direction of a police officer in order to be safely taken into custody, and thus and thereby, Plaintiffs are not entitled to recover from the Defendants.

9. Plaintiffs' claims are barred by the applicable Statutes of Limitations.

10. Defendants' actions were taken in their own self-defense or defense of others, and were therefore justified.

11. Any force used against Plaintiffs was the direct result of Plaintiffs' own voluntary and consensual instigation of unreasonable force against the Defendants, and thus and thereby, Plaintiffs consented to the acts of defendants in defending themselves against the Plaintiffs.

12. For further answer and for affirmative defense, Plaintiffs' claim for punitive damages fails to state a claim for relief and in addition, to the extent that Plaintiffs seek to recover punitive damages herein, Plaintiffs have not stated and cannot state a claim for relief for punitive damages because the procedures for assessing punitive damages, facially and as applied to this case, violate the due process provisions of the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Constitution of Missouri in that:

    a. Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in the United States Supreme Court

decisions in <u>Pacific Life Insurance Co. v. Haslip</u>; <u>State Farm v. Campbell</u>, <u>White v. Ford Motor</u> and <u>Phillip Morris USA v. Williams</u>.

b. Missouri's guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.
c. Missouri has no objective limitations or standards that have been established concerning the amount or severity of a punitive damages award.

d. Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive defendant of sufficient notice of the type of conduct and mental state upon which punitive damages could be awarded as a result of defendant's alleged misconduct.

e. Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, plaintiffs' injury, plaintiffs' expenses, defendant's conduct, and defendant's mental state.

f. Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

g. Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include:

   i. a nebulous and undefined "abuse of discretion" standard of review;
   ii. a nebulous and undefined standard under which a punitive damages award may be disturbed if it is the product of "bias and prejudice";
   iii. a standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion;
   iv. a standard that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award.  Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

11

h.  Missouri improperly permits a plaintiff to submit punitive damages to the jury based upon a defendant's conduct that, as a matter of law, was not willful or reckless.  Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

i.  Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence.  The instructions also fail to inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages.

j.  Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial, and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

k.  Missouri law does not have adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

l.  Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards; Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

m. Missouri does not provide adequate and objective standards and procedures to instruct the jury to ensure in the post-trial review by the trial and appellate courts that any punitive damages award has an understandable relationship to the actual or compensatory damages award.

n.  Missouri does not require the standard of proof for the imposition of punitive damages to be "beyond a reasonable doubt."

o.  Missouri does not provide objective standards and procedures to prevent the plaintiff from receiving an unfair windfall of money as a result of a punitive damages award.

p.  Missouri does not have legal standards that would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against a defendant who has already been subjected to punitive damages in a prior case based upon the identical or similar conduct.  These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the Missouri Constitution and are also prohibited under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

q. Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

r. An award of punitive damages under Missouri law violates the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri, which prohibit excessive fines because fifty percent of any final judgment awarding punitive damages is payable to the State of Missouri under Mo. Rev. Stat. Ann. § 537.675.  That portion of the punitive award therefore constitutes a fine payable to the State, but the State of Missouri has established no standards or limits upon the amount of punitive damages that may be awarded in a particular case, and has not provided procedural safeguards, including a requirement of proof beyond a reasonable doubt, necessary for imposition of fines.

13. Any claims made by Plaintiff against Defendants in their official capacity are barred by law and by operation of the Eleventh Amendment of the U.S. Constitution.

WHEREFORE, Defendants respectfully request that this Court Dismiss Plaintiffs' Petitions and causes of action, and for further relief this Court deems just and proper.

*s/Peter J. Dunne*
Peter J. Dunne   #31482
Robert T. Plunkert    #62064
PITZER SNODGRASS, P.C.
Attorney for Defendants City of Ferguson, Officer Baker, Officer Brown, and Officer Ballard
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: plunkert@pspclaw.com

13

A copy of the foregoing filed electronically with the Clerk of the Court this 15th day of April, 2014, to be served by operation of the Court's electronic filing system upon the following: **Rufus J. Rate, Jr.**, Attorney for Plaintiffs, 7751 Carondelet, Suite 803, Clayton, MO 63105, tatelawfirm@gmail.com.

                                                */s/Peter J. Dunne*

{01128129.DOCX;1}